UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DINA DABBOUSEH,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SUSAN KILANI and TALAL AL-SBEIHI,<br><br>　　　　Defendants. | CAUSE NO. 2:25-CV-248-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Dina Dabbouseh's Motion to Proceed In Forma Pauperis [ECF No. 2], filed on June 2, 2025. For the reasons set forth below, the Court denies the Motion to Proceed In Forma Pauperis and dismisses the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). The federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff's motion establishes that she is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998).

In this lawsuit, the Plaintiff seeks to recover an unspecified amount of compensatory damages and damages for emotional anguish and intentional infliction of emotional distress from Defendant Kilani—a sister—and Defendant Al-Sbeihi—the Plaintiff's spouse. She alleges that the Defendants: (1) forwarded phone calls from her phone; (2) had involvement in the Beauty Pharmacy, which she covered up out of fear; (3) hacked her emails; (4) abused her throughout the marriage emotionally and physically; (5) married her by deception; and (6) caused her to change her password to her email. However, this Court does not have jurisdiction over this conflict.

Federal courts, unlike state courts, have limits on the types of cases that they can hear. *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) ("Federal courts are courts of limited jurisdiction[.]"). To bring this case within federal jurisdiction, the Plaintiff must either bring a claim based on a federal question, 28 U.S.C. § 1331, or bring a claim under state law and allege a basis for diversity jurisdiction, 28 U.S.C. § 1332. This case involves a dispute among spouses and a sister—which does not appear to implicate federal law.

Thus, to proceed in this Court, the Plaintiff must plausibly allege a basis for diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires (1) the plaintiff to be a citizen of a different state than each defendant and (2) the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." *Dausch v.*

*Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curium). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Here, the Plaintiff has not sufficiently alleged the Court's diversity jurisdiction.

The Plaintiff does not allege any party's citizenship, as she merely lists her residence as Indiana, Defendant Kilani's residence as Illinois, and Defendant Al-Sbeihi's residence as Indiana. In addition, the Plaintiff seeks an unspecified amount in damages, thus it is uncertain whether the $75,000.01 or more requirement for diversity jurisdiction is met. Therefore, the Court cannot confirm that the requirements of diversity jurisdiction are satisfied.

Thus, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff up to and including July 21, 2025, to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the jurisdictional deficiencies identified in this Opinion. This means that if the Plaintiff is pursuing state law claims, she must allege the amount in controversy, the state of her citizenship, and the state of each Defendant's citizenship at the time of filing the Complaint in this case. If the Plaintiff is pursuing a federal claim, she must allege facts sufficient to state a claim under federal law.

Along with an amended complaint, the Plaintiff must also file a new Motion to Proceed In Forma Pauperis or pay the filing fee. If the Plaintiff does not file an amended complaint by July 21, 2025, the Court will direct the Clerk of Court to close this case.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint [ECF No. 1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction. The Court GRANTS the Plaintiff up to and including July 21, 2025, to file an amended complaint that cures the defects set forth above. The Plaintiff is REQUIRED to use an approved Civil Complaint form found on the Court's website.[1] The Plaintiff must also file a new Motion to Proceed In Forma Pauperis or pay the filing fee by July 21, 2025.

The Court DIRECTS the Clerk of Court to provide the Plaintiff with a Civil Complaint form and a Motion to Proceed In Forma Pauperis form.

The Plaintiff is cautioned that, if she does not respond by the July 21, 2025 deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

SO ORDERED on June 20, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] https://www.innd.uscourts.gov/forms/ProSeForms